WELLS, C.J.
We have for review the recommendations of the Florida Supreme Court Article V Funding Steering Committee for the creation of the Trial Court Budget Commission (TCBC). We agree with the Steering Committee’s recommendation for the formation of the TCBC. In order to create the TCBC, we approve a proposed rule for immediate publication and comment. The proposed rule is set forth in the appendix to this opinion.
The rule establishes the TCBC to oversee the preparation and implementation of the trial court component of the judicial branch budget in order to support a trial court system that will effectively carry out the administration of justice. TCBC will be directly responsible for recommending budgeting and funding policies and procedures for the trial court budget. The rule provides for the active, direct participation of trial court judges and administrative officers in the creation and implementation of budgetary policy in order to maintain a trial court funding structure that is efficient and accountable, and enables the courts to function in a manner which ensures statewide operational consistency but is also responsive to local funding needs.
On November 3, 1998, the voters of Florida adopted Revision 7, which amended Article V of the Florida Constitution to shift a significant portion of the responsibility for funding the trial courts from the counties to the state. Prior to the adoption of the constitutional amendment, Florida’s counties were required to fund the needs of the justice system that were not paid by state government. Under Revision 7, the state will bear the costs associated with the operations of the State Courts System, except for those costs that are designated as county funding responsibilities. Revision 7 will be implemented according to the phase-in schedule established in chapter 2000-237, Laws of Florida, and must be fully effectuated by July 1, 2004.
In January 1999, then Chief Justice Harding issued an administrative order creating the Article V Funding Steering Committee to recommend policies and strategies in response to Revision 7. The Steering Committee met numerous times throughout the following year to develop a strategic approach that would ensure an appropriate phase-in schedule and budgeting structure for the state’s assumption of certain court costs, adequate revenue streams for the uninterrupted continuation of trial court operations, the orderly transition of personnel from county to state payrolls, an appropriate structure for administrative support and oversight, the proper allocation of state and county fiscal responsibility for article V functions, and the development of a proposed statutory framework to effectuate Revision 7. The Steering Committee proposed the establishment of the TCBC, which would be given the primary responsibility for the implementation of that strategy, as well as for on-going budget administration. The Steering Committee presented its proposal for the establishment of the TCBC to the Chief Judges of the Circuit Courts, who *626 thereafter unanimously approved recommending the creation of the TCBC.
The development and administration of judicial branch budgets is governed by article III, section 18(h) of the Florida Constitution and chapter 216 of the Florida Statutes. Chapter 216 sets forth the requirements established by the Legislature for the judicial branch for performance-based budgeting, long-range program planning, and general budget administration. Within this framework and yearly through the General Appropriations Act, the Legislature establishes budgetary policies and sets appropriations for the judicial branch.
The TCBC is intended to provide a mechanism and a process through which trial court administrative officers can actively participate in the development of trial court plans and budgets in a manner that is consistent with constitutional requirements, statutory directives, and budget instructions pursuant to chapter 216, as well as specific provisions of the General Appropriations Act and associated implementing legislation. This rule has been fashioned to ensure that the trial courts have confidence in the budgeting process that impacts their courts. The TCBC will offer a forum that gives trial court judges and court administrators a strong voice in the development of budgetary policies but also enables them to reach consensus on funding interests and priorities for the branch so that they can support a unified legislative budget proposal. The TCBC will provide opportunities for chief judges and trial court representatives to articulate the state budgetary needs for their court functions and programs. Most importantly, however, it is our expectation that TCBC members will strive to serve the interest of justice and make decisions that promote equity and fairness in the allocation of State Courts System resources.
We agree with the observations of the Article V Funding Steering Committee that adequate statewide funding for the trial courts depends on the ability of the State Courts System to minimize intra-branch competition and to forge consensus in support of its fiscal requests to the Legislature. The TCBC is created to provide a means by which the courts can “speak with one voice.” However, we recognize that the ability of the TCBC to speak on behalf of the trial courts on budgetary matters depends on whether court officers and personnel have confidence in its commitment to fairly balance competing interests and priorities. It is only by assuring adequate consideration of the needs and perspectives of all affected constituencies, as well as access to its deliberations, that the TCBC can successfully fulfill its primary purpose. TCBC procedures must afford access and an opportunity for input including considering suggestions and recommendations, providing opportunities for review and comment, and entertaining appeals.
We also expect that those in leadership positions in the trial courts, as well as those who have an interest in various court functions, programs, and activities, will support the members of the TCBC. This support will be critical in ensuring that all trial courts in the state have the personnel and funding resources necessary to dispense justice. The challenge of implementing a statewide budgeting strategy and the difficulties associated with identifying and weighing the competing priorities of so many disparate interests in this large and diverse state are formidable. The responsibility that this rule imposes on TCBC members is burdensome, and it is likely that some decisions of the TCBC will be both difficult and unpopular. Yet it is imperative for the smooth operation of the courts and their ability to serve all the people of Florida that judicial branch personnel recognize the necessity of collaboration, cooperation, and compromise, and that they refrain from advancing their own interests at the expense of others in the system.
We recognize the importance of self-determination for the trial courts in bud *627 getary matters and appreciate the significant degree of autonomy and responsibility that the chief judges have traditionally exercised in the administration of their respective trial court budgets. As the courts shift from local to state funding, it will be important for the TCBC to develop a fiscal management structure that allows chief judges to retain reasonable and necessary control over the day-to-day operations of the trial courts and the budgetary resources allocated for their operation in a manner consistent with state law. At the same time, the TCBC will be responsible for assisting the Florida Supreme Court in developing and implementing statewide policies and plans affecting the administration of justice to ensure greater efficiency, productivity, and accountability for all of the courts. Furthermore, the TCBC will recommend uniform strategies that will provide for appropriate financial control and will promote the use of best practices so that the administration of justice is continuously improved and state appropriations are used economically. •
Article III, section 18(h) of the Florida Constitution imposes on all three branches of government a constitutional duty to engage in planning and to implement a quality management and accountability program as required by law. The TCBC will play a substantial role in assuring compliance with the planning and budgeting mandates of chapter 216, Florida Statutes, as they impact the trial courts. In that regard, the TCBC will provide input to the Supreme Court concerning the long-range program plan for trial court programs and will make recommendations about financial needs for major activities of the trial courts. The TCBC will be responsible for coordinating its planning and budget development work with other Supreme Court committees as necessary and appropriate.
The trial court budget recommendations of the TCBC shall be to the Supreme Court, and the final approval of those recommendations shall be by the Supreme Court or the Chief Justice, as appropriate. The recommendations of the TCBC may be adopted in whole or in part, or specific issues may be referred back to the TCBC for further study or recommendations.
In creating the TCBC, the rule provides for appointment of the membership of the TCBC. The membership shall be appointed by the Chief Justice. The TCBC shall be composed of fourteen trial court judges and seven trial court administrators.
We approve the proposed rule for publication and comment, with the rule to become effective on December 1, 2000. Interested parties are invited to submit comments and suggestions regarding the proposed rule on or before October 16, 2000.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

RULE 2.053. Trial Court Budget Commission
(a) Purpose. The purpose of this rule is to establish a Trial Court Budget Commission that will have the responsibility for developing and overseeing the administration of trial court budgets in a manner which ensures equity and fairness in state funding among the 20 judicial circuits.
(b) Responsibilities. The Trial Court Budget Commission is charged with specific responsibility to:
(1) to establish budgeting and funding policies and procedures consistent with judicial branch plans and policies, directions from the supreme court, and in consideration of input from supreme court committees and from the Florida Conference of Circuit Judges and the Florida Conference of County Court Judges;
(2) make recommendations to the supreme court on the trial court compo *628 nent of the annual judicial branch budget request;
(3) advocate for the trial court component of the annual judicial branch budget request and associated statutory-changes;
(4) make recommendations to the supreme court on funding allocation formulas and budget implementation and criteria as well as associated accountability mechanisms based on actual legislative appropriations;
(5) monitor trial court expenditure trends and revenue collections to identify unanticipated budget problems and to ensure the efficient use of resources;
(6) recommend statutory and rule changes related to trial court budgets;
(7) develop recommended responses to findings on financial audits and reports from the Supreme Court Inspector General, Auditor General, Office of Program Policy Analysis and Government Accountability, and other governmental entities charged with auditing responsibilities regarding trial court budgeting when appropriate;
(8) recommend to the supreme court trial court budget reductions required by the legislature;
(9) identify potential additional sources of revenue for the trial courts; and
(10) recommend to the supreme court legislative pay plan issues for trial court personnel, except the commission shall not make recommendations as to pay or benefits for judges.
(c) Operational Procedures. The Trial Court Budget Commission will establish operating procedures necessary to carry out its responsibilities as outlined in subdivision (b), subject to final approval by the supreme court. These procedures shall include:
(1) a method for ensuring input from interested constituencies, including the chief judges and trial court administrators of the trial courts, other members of the trial court judiciary, the Judicial Management Council, and other judicial branch committees and commissions; and
(2) a method for appeal of the decisions of the Trial Court Budget Commission. Appeals may be made only by a chief judge on behalf of a circuit. Appeals may be heard only by the Trial Court Budget Commission unless the appeal is based on the failure of the commission to adhere to its operating procedures, in which case the appeal may be made to the supreme court.
(d) Action by Supreme Court or Chief Justice on Recommendations of the Trial Court Budget Commission. The supreme court or chief justice, as appropriate, may take any or all of the following actions on recommendations made by the Trial Court Budget Commission:
(1) The adoption of the recommendations of the commission made in accordance with the discharge of its responsibilities listed in subdivision (b) in whole.
(2) The adoption of the recommendations in part and referral of specific issues or questions back to the commission for further study or alternative recommendations.
(e) Membership and Organization. The Trial Court Budget Commission will be composed of 21 members appointed by the chief justice who will represent the interests of the trial courts generally rather than the individual interests of a particular circuit or division. The chief justice will make appointments to ensure that the broad interests of the trial courts are represented by including members who have experience in different divisions, who have expertise in court operations or administrative matters, and who offer geographic, racial, ethnic, and gender diversity.
(1) The membership must include 14 trial court judges and 7 trial court administrators.
*629 (2) The chief justice will appoint 1 member to serve as chair and 1 member to serve as vice chair, each for a 2-year term.
(3) A supreme court justice will be appointed by the chief justice to serve as supreme court liaison.
(4) No circuit will have more than 2 members on the commission.
(5) The original members of the commission will be appointed as follows:
(A) 7 members shall be appointed for a 2-year term;
(B) 7 members shall be appointed for a 4-year term; and
(C) 7 members shall be appointed for one 6-year term.
All subsequent members will each be appointed for one 6-year term. In the event of a vacancy, the chief justice will appoint a new member to serve for the remainder of the departing member’s term.
(6) The commission may establish subcommittees as necessary to satisfactorily carry out its responsibilities. Subcommittees may make recommendations only to the commission as a whole. The chair of the commission may appoint a non-commission member to serve on a subcommittee.
(f) Staff Support and Funding. The Office of the State Courts Administrator will provide primary staff support to the commission. Adequate staffing and resources will be made available to the Office of the State Courts Administrator to ensure the commission is able to fulfill its responsibilities as outlined in the rule. Sufficient resources will also be provided for the commission and its subcommittees to meet and otherwise complete its work.